UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN N., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:20-cv-05350-BAT <br><br> **ORDER AFFIRMING THE COMMISSIONER** |

Plaintiff Steven N. seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ misevaluated the medical opinions. Dkt. 19. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

Plaintiff argues that the ALJ erred in evaluating the opinions of treating doctor Christopher Berens, M.D., examining doctor Dan Neims, Psy.D., consulting doctor Luci Carstens, Ph.D., examining doctor Anna Borisovskaya, M.D., and consulting doctor Dan Donohue, Ph.D. Dkt. 19. In general, the ALJ must give specific and legitimate reasons for rejecting a treating or examining doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting a treating or examining doctor's uncontradicted

ORDER AFFIRMING THE COMMISSIONER - 1

opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). An ALJ does this by setting out a detailed and thorough summary of the facts and conflicting evidence, stating her interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must do more than offer her conclusions; she must also explain why her interpretation, rather than the doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

*1.     Dr. Behrens*

Dr. Behrens, plaintiff's treating physician, wrote in February 2019 that plaintiff suffers from a seizure disorder characterized by grand mal seizures approximately 5 to 6 times per month; these seizures have resulted in injury to him in the past and leave him disoriented and confused in the immediate aftermath; and it takes him approximately one hour to recover his cognitive facilities after a seizure. Tr. 752. He opined that plaintiff's seizure disorder prevented him from being able to work given the safety risks to him and potentially to other employees. *Id.* Dr. Behrens reported that plaintiff's anti-seizure medication does not prevent ongoing seizures and he was actively trying to re-engage with his treating neurologist to see if an alternative medication might better control his seizures. *Id.*

The ALJ gave this opinion little weight, finding that it was inconsistent with plaintiff's other reports about the frequency of his seizures. Tr. 25. The ALJ noted that plaintiff reported in June 2017 that he had seizures every other day (Tr. 533), reported in August 2018 that his last seizure was several weeks prior (Tr. 679), and reported in September 2017 that his last seizure was in the summer (Tr. 652). Tr. 25-26.

Plaintiff argues that the records the ALJ cites do not demonstrate any inconsistency, as the frequency of plaintiff's seizures could change over time and the reports the ALJ cited were

ORDER AFFIRMING THE COMMISSIONER - 2

1  six months to two years before Dr. Behrens's report, Dr. Behrens did not specify that plaintiff's

2  seizures were distributed equally throughout the month which could explain plaintiff's reports

3  that several weeks had passed since his last seizure, and plaintiff reported at the hearing that he

4  had been on his current medication regime for about a year which could explain the change in

5  frequency of his seizures over time. Dkt. 19 at 5-6.

6        Plaintiff proposes various interpretations of the medical record that could plausibly

7  explain the differences in reported frequency of his seizures. However, although plaintiff's

8  proposed explanations are plausible, the existence of plausible alternatives does not establish

9  error in the ALJ's interpretation of the evidence. Where the evidence is susceptible to more than

10 one rational interpretation, the court must uphold the Commissioner's conclusion. *Thomas v.*

11 *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The court may neither reweigh the evidence nor

12 substitute its judgment for that of the Commissioner. *Id*. The ALJ could rationally conclude that

13 the differences in reported frequencies in the record were inconsistent with Dr. Behrens's

14 opinion, even if an alternative explanation for the discrepancy exists. The Court cannot accept

15 plaintiff's proposed interpretations of the evidence over the ALJ's. Plaintiff has not established

16 error in the ALJ's evaluation of Dr. Behrens's opinion.

17       *2.    Dr. Neims*

18       Dr. Neims examined plaintiff in September 2017 and opined that he had marked

19 limitations in his ability to adapt to changes in a routine work setting and to complete a normal

20 work day and work week without interruptions from psychologically based symptoms, and either

21 none or mild or moderate limitations in the remaining functional areas. Tr. 649-50. He opined

22 that the overall severity of plaintiff's functional limitations was marked. Tr. 650.

23

ORDER AFFIRMING THE COMMISSIONER - 3

1        The ALJ gave this opinion little weight, finding that Dr. Neims's assessment of marked
2 limitations was not supported by the medical record, which showed plaintiff experiencing some
3 symptoms of depression but getting only conservative treatment consisting of medication and
4 counseling, that plaintiff had occasionally gone off his medications, and that he had seen
5 improvement. Tr. 25. Plaintiff argues that this finding appears to show that the ALJ required
6 mental health hospitalization in order to conclude that the evidence was consistent with Dr.
7 Neims's opinion. Dkt. 19 at 8. But the ALJ did not articulate any such requirement, and
8 plaintiff's assertion that he did so is pure speculation. An ALJ may discount a medical opinion
9 that is inconsistent with other evidence in the record. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-
10 14 (9th Cir. 1999). The ALJ could reasonably conclude that the level of treatment documented in
11 the record was inconsistent with Dr. Neims's opinion of marked impairment.

12       Plaintiff also argues that the fact that he had at times gone off his medications and seen
13 improvement in his symptoms is not a logical basis for assigning less weight to Dr. Neims's
14 opinion because there are many potential reasons for such a development. Dkt. 19 at 8. But the
15 very fact that there are other possible explanations for this finding underscores the fact that
16 plaintiff is asking the Court to accept an alternative interpretation of the evidence over the ALJ's
17 Plaintiff has not established that the ALJ's interpretation is erroneous by pointing out that other
18 interpretations are possible. The inconsistency between Dr. Neims's opinion and the evidence in
19 the record constituted a clear and convincing reason to discount Dr. Neims's opinion.

20       The ALJ also found that the opinion was consistent with plaintiff's activities, which
21 included reading, occasionally using a computer, taking public transportation, and engaging in
22 household chores. Tr. 25. Plaintiff asserts that this finding is confusing and does not provide a
23 rational basis for discounting the opinion. Dkt. 19 at 9. Although the Court agrees and finds it

ORDER AFFIRMING THE COMMISSIONER - 4

likely that the ALJ intended to find the opinion inconsistent with plaintiff's activities, the fact that the ALJ gave a clear and convincing reason for discounting the opinion renders this error harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination).

Finally, the ALJ found that Dr. Neims's opinion was inconsistent with the opinions of Dr. Donahue and Dr. Borisovskaya. Tr. 25. Plaintiff argues that Dr. Neims's opinion was not inconsistent with Dr. Borisovskaya's and any inconsistency with Dr. Donohue's opinion was not an adequate basis for discounting Dr. Neims's opinion. Dkt. 19 at 10. As discussed below, the ALJ did not err in assessing Dr. Borisovskaya's and Dr. Donohue's opinions. The ALJ was entitled to consider the consistency of Dr. Neims's opinion with the other medical opinions in determining the weight to give it. Plaintiff has not established that the ALJ committed harmful error in evaluation Dr. Neims's opinion.

   3.  *Dr Carstens*

Dr. Carstens reviewed the medical evidence in September 2017 and agreed with Dr. Neims's assessment except for opining a longer duration of 18 to 24 months. Tr. 663-64. The ALJ found that Dr. Carstens based her opinion primarily on Dr. Neims's examination and gave her opinion little weight for the same reasons he discounted that opinion. Tr. 25. Plaintiff argues that the ALJ's evaluation of Dr. Carstens's opinion was flawed for the same reasons he argues Dr. Neims's was. Dkt. 10 at 10-11. Because plaintiff's arguments with respect to Dr. Neims's opinion failed, they fail with respect to Dr. Carstens as well. The ALJ did not commit harmful error in evaluating Dr. Carstens's opinion.

*4.     Dr. Borisovskaya*

Dr. Borisovskaya examined plaintiff in October 2017 and opined that plaintiff's ability to perform simple and repetitive tasks was good; his ability to perform complex and detailed tasks was impaired; his ability to perform work activities on a consistent basis without special or additional instructions was impaired; his ability to perform work duties at a sufficient pace was impaired; his ability to maintain regular attendance in the workplace and complete a normal workday without interruptions was impaired at least to some degree; and his ability to interact with coworkers and superiors and the public and to adapt to the usual stresses encountered in the workplace was moderately impaired. Tr. 646.

The ALJ gave this opinion some weight, finding that while the limitations Dr. Borisovskaya listed were largely consistent with the medical record, she did not offer the degree of impairment in most categories, making the exact extent of his limitations unclear. Tr. 25. Plaintiff argues that this finding is unreasonable, asserting that Dr. Borisovskaya's use of the descriptor "moderate" for one category appears to show that her intent when not using a descriptor for other categories was to opine that he was unable to perform those activities. Dkt. 19 at 12. But this assertion merely proposes one interpretation of Dr. Borisovskaya's failure to opine on the degree of impairment in most categories. The ALJ was not required to interpret the opinion in the manner proposed by plaintiff, and the Court may not disturb the ALJ's interpretation just because it appears to plaintiff that Dr. Borisovskaya intended, but did not state, something other than the ALJ found.

Plaintiff also argues that if the ALJ was concerned with Dr. Borisovskaya's terminology regarding the degree of impairment, the ALJ had a duty to develop the record and seek clarification of her opinion. Dkt. 19 at 13. But the ALJ's duty to develop the record is triggered

only when there is ambiguous evidence or when the ALJ finds that the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). That is not the situation here. The ALJ found Dr. Borisovskaya's imprecision undermined the weight due to her opinion, not that it was insufficient to allow for evaluation of her opinion. The ALJ's duty to develop the record was not triggered by this finding.

The ALJ also found that otherwise Dr. Borisovskaya's opinion was supported by the medical record that showed plaintiff experiencing some symptoms of depression but getting only conservative treatment consisting of medication and counseling, that plaintiff had occasionally gone off his medications, and that he had seen improvement; the opinion was consistent with plaintiff's activities, which included reading, occasionally using a computer, taking public transportation, and engaging in household chores; and the opinion was consistent with Dr. Donohue's opinion. Tr. 25. Plaintiff argues that these reasons, the same reasons the ALJ gave in evaluating Dr. Neims's and Dr. Carstens's opinions, were flawed for the reasons he argued with respect to these doctors. Dkt. 19 at 13-14. These arguments are no more persuasive with respect to Dr. Borisovskaya's opinion than they were for the other opinions. Plaintiff has failed to show that the ALJ erred in evaluating Dr. Borisovskaya's opinion.

    *5.    Dr. Donohue*

Dr. Donohue examined the record in October 2017 and opined that plaintiff had moderate limitations in all four categories of the paragraph B criteria for mental impairments: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. Tr. 115. The ALJ gave this opinion significant weight, finding that it was consistent with the medical record that showed plaintiff experiencing some symptoms of depression but getting only conservative treatment

consisting of medication and counseling, that plaintiff had occasionally gone off his medications, and that he had seen improvement; that it was consistent with plaintiff's activities, which included reading, occasionally using a computer, taking public transportation, and engaging in household chores; and that it was consistent with Dr. Borisovskaya's opinion. Tr. 24.

Plaintiff argues that the ALJ inexplicably used the same language to explain why he gave weight to Dr. Donohue's opinion over the opinions of Dr. Neims and Dr. Carstens and the mixed weight given to Dr. Borisovskaya's opinion. Dkt. 19 at 14. But the Court has rejected plaintiff's arguments with respect to the ALJ's evaluation of the other medical opinions, and plaintiff cannot rely on those same arguments to undermine the ALJ's assessment of Dr. Donohue's opinion. The ALJ reasonably found that Dr. Donohue's opinion was consistent with the medical record while the other opinions were not. Plaintiff has not established that the ALJ erred in assessing this opinion.

## CONCLUSION

Plaintiff has not established that the ALJ committed harmful legal error in evaluating the medical opinions. Accordingly, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 18th day of February, 2021.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge